**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 16-4123**

─────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

PRESTON POTTS,

              Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Robert J. Conrad, Jr., District Judge. (3:15-cr-00052-RJC-1)

─────────

Submitted:  September 29, 2016      Decided:  October 3, 2016

─────────

Before SHEDD, KEENAN, and HARRIS, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Robert C. Carpenter, ADAMS, HENDON, CARSON, CROW AND SAENGER, P.A., Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Preston Potts pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). Potts was sentenced to 121 months' imprisonment. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but raising for the court's consideration whether the district court made a procedural error in applying a sentencing enhancement for Potts' role in the offense. Potts did not file a pro se supplemental brief. The Government did not file a brief. After a careful review of the record, we affirm.

We review a sentence's procedural and substantive reasonableness for an abuse of discretion. United States v. Howard, 773 F.3d 519, 527-28 (4th Cir. 2014). We first review for procedural errors such as improper calculation of the Sentencing Guidelines range, failure to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, selection of a sentence based on clearly erroneous facts, or failure to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Absent any procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." Id. Sentences within or below a properly calculated Guidelines range are presumed substantively

2

reasonable, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). We review a within-Guidelines sentence for abuse of discretion. See United States v. Lynn, 592 F.3d 572, 576-77 (4th Cir. 2010) (stating standard of review).

We conclude that the district court did not err in applying the U.S. Sentencing Guidelines Manual § 3B1.1(a) (2014) enhancement. Further, we conclude that the district court's within-Guidelines sentence is both procedurally and substantively reasonable and not an abuse of discretion.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Potts' conviction and sentence. This court requires that counsel inform Potts, in writing, of the right to petition the Supreme Court of the United States for further review. If Potts requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Potts. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before this court and argument would not aid the decisional process.

AFFIRMED